## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

No. 99-30966
Summary Calendar
_____

CALVIN HORNBECK,

Plaintiff-Appellant,

versus

DANEK MEDICAL, INC.; ET AL.,

Defendants,

DANEK MEDICAL, INC.; SOFAMOR-DANEK
GROUP, INC.; SOFAMOR, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-2559)
_____

July 5, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Concerning the summary judgment awarded Danek Medical, Inc., and the other defendants, at issue are whether the pedicle screw device sold by Danek was defective in design; and whether Danek had adequately warned the treating physician.

Calvin Hornbeck had spinal fusion surgery in October 1992. His physician used Danek's product to help successfully achieve fusion. After surgery, Hornbeck continued to have severe pain and numbness in his back and legs. In September 1993, his doctor

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removed Danek's product from the left side of Hornbeck's spine. Two years later, another doctor removed it from the right side.

Hornbeck contends that Danek's product is defective under the Louisiana Product Liability Act (LPLA), LA. REV. STAT. ANN. §§ 9:2800.51-.59 (West 2000).  "Under the LPLA, there are four theories under which a plaintiff may demonstrate that a product is defective." ***Theriot v. Danek Medical, Inc.***, 168 F.3d 253, 255 (5th Cir. 1999).  Hornbeck claims two:  (1) the product is defective in design; and (2) the product was unreasonably dangerous, due to inadequate warning.

For a defective design claim, pursuant to LA. REV. STAT. ANN. § 9:2800.56 (West 2000), Hornbeck must demonstrate that an alternative design exists.  Instead, he claims alternative methods of treatment should have been used.

For the failure to provide adequate warning claim, and "[b]ecause this case involves a medical product, the learned intermediary doctrine applies".  ***Id.*** at 256.  Under this doctrine, Danek must inform Hornbeck's doctor, the learned intermediary, of the risks of the product.

Hornbeck's failure to warn claim is based on the following assertions:  the product's labeling was inadequate, because it only applied when the product was *not* used for a pedicle screw implant; the product was inadequately tested; the doctor was *not* informed that the product was *not* FDA approved; and the product was over-promoted.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). We review a grant of summary judgment *de novo*, applying the same criteria as the district court. *E.g.*, **Conkling v. Turner**, 18 F.3d 1285, 1295 (5th Cir. 1994).

The district court held the design defect claim failed, because (1) Hornbeck had *not* identified alternative designs, and (2) alternative methods of treatment are *not* alternative designs. *See* **Theriot**, 168 F.3d at 255-56. It held the failure to warn claim failed, because Hornbeck's doctor was clearly aware of the "risks and possible implications involving" the pedicle screw instrument. Essentially for the reasons stated by the district court, the summary judgment was proper. *See* **Theriot**, 168 F.3d at 255-56; **Hornbeck v. Danek Medical, Inc.**, No. 96-CV-2559 (W.D. La. 5 Aug. 1999).

*AFFIRMED*